IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIE STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13-cv-856 |
| ) | |
| JEH JOHNSON, *Secretary,* ) | |
| U.S. *Department of Homeland Security*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Willie Stewart ("Mr. Stewart") brings this action against Jeh Johnson, Secretary of the United States Department of Homeland Security ("DHS"),[1] alleging employment discrimination based on race and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (2012), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a). (ECF No. 1 ¶ 1.) Before the Court is DHS's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) For the reasons that follow, the Court grants DHS's motion, dismissing Mr. Stewart's action.

**I.  BACKGROUND**

When considering a motion to dismiss, the court accepts as true the allegations in the complaint and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The facts viewed in the light most

---

[1] In the Complaint, Mr. Stewart named Janet Napolitano as the Defendant in this case. Jeh Johnson has since replaced Ms. Napolitano as Secretary of DHS. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Johnson is automatically substituted as the defendant in this action.

favorable to Mr. Stewart are as follows: On or about August 3, 2002, Mr. Stewart, an African-American citizen of Durham, North Carolina, began working at the Transportation Security Administration ("TSA"), an agency within DHS, as a Supervisory Transportation Security Screener. (ECF No. 1 ¶¶ 33–34.) In January of 2003, Mr. Stewart applied for an open position at TSA as a Transportation Security Screening Manager. (*Id.* ¶ 35.) Although Mr. Stewart thought that he was the best candidate for the manager position, he was notified by TSA on February 18, 2003, that he was not selected for the position. (*Id.* ¶¶ 35–36, 40.) "Mr. Stewart was convinced he was not selected due to his race." (*Id.* ¶ 36.) He therefore filed a formal complaint on April 9, 2003. (*Id.* ¶ 40.) On January 7, 2004, Mr. Stewart received notice of a proposed demotion because of "lack of candor."[2] (*Id.* ¶ 16.) Since Mr. Stewart had never been reprimanded or received any written notices alleging that he had displayed "lack of candor," Mr. Stewart was again "convinced he was demoted due to his race." (*Id.* ¶ 37.) Mr. Stewart resigned his position on or about January 14, 2004, because "[h]e feared further demotions and further tarnishing of his work record based solely upon his race." (*Id.* ¶ 38.)

In March of 2005, DHS issued its Final Agency Decision on Mr. Stewart's Complaint, finding that Mr. Stewart had failed to prove discrimination. (*See id.* ¶¶ 20, 21.) Mr. Stewart appealed this decision to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO"). (*Id.* ¶ 22.) After initially affirming DHS's decision, OFO reconsidered its decision at Mr. Stewart's request. (*Id.* ¶¶ 23–25.) On November 14, 2011, OFO overruled its earlier decision and found that Mr. Stewart had been

---

[2] At other places in his Complaint, Mr. Stewart alleges that he was demoted. (*See* ECF No. 1 ¶ 37.)

discriminated against based on his race.[3] (*Id.* ¶ 25.) OFO ordered that DHS offer Mr. Stewart the manager position and give him appropriate back pay ( ECF No. 11-3 at 13) but remanded the issue of compensatory damages to DHS for further investigation (ECF No. 1 ¶ 25). On February 14, 2012, TSA submitted to OFO a Petition for Clarification of OFO's November 14, 2011, decision. (*Id.* ¶ 27.) In the petition, TSA argued that Mr. Stewart was not entitled to reinstatement due to his voluntary resignation and thus was limited to the promotion, back pay, and benefits for the period of February 18, 2003, to January 14, 2004. (*See* ECF No. 11-2 at 4.)

On May 17, 2013, DHS issued its Final Agency Decision, specifically related to the issue of compensatory damages. (ECF No. 1 ¶ 30; ECF No. 6-1 at 8.) DHS emailed this Final Agency Decision to Mr. Stewart and his attorney on May 22, 2013.[4] (ECF No. 6-2.) Within fifteen minutes, Mr. Stewart's attorney responded to the email stating, "We will appeal this decision as soon as possible." (*Id.*) On June 4, 2013, OFO issued its decision arising out of the petition for clarification filed by TSA related to whether Mr. Stewart was entitled to reinstatement to the manager position, concluding that Mr. Stewart was not eligible for reinstatement and limiting his back pay, benefits, and promotion to the period of February 18, 2003, to January 14, 2004. (*See* ECF No. 1 ¶ 31; ECF No. 6-3 at 4, 8.)

---

[3] OFO reissued this decision on January 4, 2012, "because of a clerical error in the original decision." (ECF No. 1 ¶ 26.)

[4] The email from DHS is addressed to Mr. Stewart, but it does not show the email's recipients. (*See* ECF No. 6-2.) However, Mr. Stewart's attorney responded to the email and copied Mr. Stewart.

3

On June 28, 2013, DHS mailed to Mr. Stewart's attorney its Final Agency Decision that had previously been emailed to Mr. Stewart and his attorney on May 22, 2013.[5] (ECF No. 6-4.)[6] Mr. Stewart filed this action on September 27, 2013, asserting the following causes of action: (1) discrimination in violation of Section 1981; (2) retaliation in violation of Section 1981; (3) discrimination and harassment in violation of Title VII; and (4) retaliation in violation of Title VII. (ECF No. 1 at 4–6.) DHS moves to dismiss all four causes of action in Mr. Stewart's Complaint for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

The purpose of a motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, a district court may not go beyond the complaint without converting it to a motion for summary judgment. *See E.I. du Pont de Nemours and Co. v. Kolon*

---

[5] On May 21, 2013, the Final Agency Decision of DHS was mailed to Mr. Stewart's attorney and was returned to DHS as "insufficient address, unable to forward" on June 10, 2013. (ECF No. 6-4.) After receiving the correct address from TSA, DHS resent the Final Agency Decision via certified mail on June 28, 2013. (*Id.*) At all times relevant here, DHS is referencing the Final Agency Decision dated May 17, 2013, that it also sent via email to Mr. Stewart and his attorney on May 22, 2013.

[6] Mr. Stewart references the June 28, 2013, mailing in his Complaint but does not make clear that it was merely a mailing of the May 17, 2013, Final Agency Decision that had been previously emailed to him and his attorney on May 22, 2013. (*See* ECF No. 1 ¶ 31.)

4

*Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x. 395, 396 (4th Cir. 2006) (per curiam); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (noting that "a court may consider [the document outside of the complaint] in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity"); *see also Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) ("[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment."). Although the court is to take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts," "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), or allegations that are contradicted by documents properly designated as exhibits, *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

The Court notes that both Mr. Stewart and DHS have attached documents to their briefing related to the procedural background of Mr. Stewart's claims in the administrative process. In particular, DHS has attached (1) the May 17, 2013, Final Agency Decision (ECF No. 6-1); (2) the May 22, 2013, email DHS sent to Mr. Stewart and his attorney that contained the May 17, 2013, Final Agency Decision (ECF No. 6-2); (3) the June 4, 2013, Decision on a Petition for Clarification (ECF No. 6-3); (4) the June 28, 2013, letter from

5

DHS containing the May 17, 2013, decision that DHS previously transmitted to Mr. Stewart and his attorney (ECF No. 6-4); and (5) the January 4, 2012, letter from OFO containing the November 14, 2011, decision that OFO reissued due to a clerical error (ECF No. 12-1). Mr. Stewart has attached (1) email correspondence between his attorney and TSA regarding OFO's issuance of the January 4, 2012, decision (ECF No. 11-1); (2) TSA's Petition for Clarification of Remedial Order (ECF No. 11-2); and (3) OFO's November 14, 2011, decision finding discrimination (ECF No. 11-3).

Mr. Stewart's exhibit containing email correspondence (ECF No. 11-1) appears related to his argument on equitable tolling of the 90-day window as discussed below. Similarly, DHS's email exhibit containing the May 17, 2013, Final Agency Decision referenced in the Complaint is related to whether Mr. Stewart timely filed this action. (*See* ECF No. 6-2). These exhibits are central to Mr. Stewart's Title VII claims since notice of a final agency decision starts the 90-day window. *See Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 WL 556446, at *2, *3 (4th Cir. July 30, 1999). Because neither party has objected to these exhibits or disputed their authenticity, this Court may consider them along with the other exhibits referenced in the Complaint without converting the motion to dismiss into a motion for summary judgment.

### B. Section 1981 Claims

DHS first moves to dismiss Mr. Stewart's first and second causes of action on the grounds that federal employees cannot bring an action under Section 1981 of the Civil Rights Act of 1866. Mr. Stewart concedes that the discrimination claim in his first cause of action cannot be brought under Section 1981; however, he argues that the retaliation claim

6

asserted in his second cause of action can proceed because Section 1981 "is silent on the issue of non-discriminatory retaliation." (ECF No. 11 at 5–6.) Mr. Stewart does not cite any cases to support his argument.

Contrary to Mr. Stewart's argument, it is well established that "Congress made Title VII the *exclusive* remedy for federal employment discrimination and retaliation claims, preempting Section 1981 and other remedies." *Olatunji v. District of Columbia*, 958 F. Supp. 2d 27, 32 (D.D.C. 2013) (emphasis added) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 828–29 (1976)); *see Middlebrooks v. Leavitt*, 525 F.3d 341, 349 (4th Cir. 2008) (explaining that Section 1981 of the Civil Rights Act of 1886 does not "provide a remedy against federal officials"). Accordingly, the Court dismisses Mr. Stewart's first and second causes of action asserted under Section 1981.

### C. Title VII Claims

DHS also moves to dismiss the Title VII claims in Mr. Stewart's third and fourth causes of action, contending that Mr. Stewart failed to file this lawsuit within 90 days of receipt of the Final Agency Decision.

Title VII provides that "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, . . . or by the Equal Employment Opportunity Commission . . . an employee . . . may file a civil action." 42 U.S.C. § 2000e-16(c). "The failure to file a complaint in the district court within ninety days of the issuance of a right-to-sue notice is not a jurisdictional defect but rather a condition precedent appropriately raised as an affirmative defense." *Makabin v. G4S Secure Sols. (USA), Inc.*, No. 3:10-CV-00441-FDW-DCK, 2011 WL 900155, at *5 (W.D.N.C. Mar. 11, 2011). Ordinarily, an affirmative defense,

7

such as a statute of limitations defense, cannot be raised in a Rule 12(b)(6) motion. *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 775 (W.D. Va. 2007) ("Typically, affirmative defenses, such as a limitations bar, may not be raised in a Rule 12(b)(6) motion because it is intended merely to test the legal adequacy of the complaint." (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996))). "However, a defense of the statute of limitations may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint." *Id.* (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Although the Fourth Circuit has not decided which party bears the burden of establishing timeliness in Title VII cases, courts within the Fourth Circuit have held that when a defendant challenges the timeliness of a Title VII action, the burden is on the plaintiff to demonstrate that his suit is timely. *See Darden*, 493 F. Supp. 2d at 776; *see, e.g.*, *Cepada v. Bd. of Educ. of Balt. Cty*, No. WDQ-10-0537, 2010 WL 3824221, at *3 (D. Md. Sept. 27, 2010); *Ashby v. Eckerd Pharmacy/Brooks Pharmacy, LLC*, No. 3:05cv475, 2007 WL 3224761, at *1 (W.D.N.C. Oct. 29, 2007); *see also Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

Here, it is undisputed that Mr. Stewart and his attorney received notice of DHS's Final Agency Decision on May 22, 2013, via email. Within fifteen minutes, Mr. Stewart's attorney acknowledged such by responding via email to DHS with, "We will appeal this decision as soon as possible." (ECF No. 6-2.) In addition, it is undisputed that Mr. Stewart filed this action on September 27, 2013, 128 days after receiving the Final Agency Decision of DHS by email on May 22, 2013. However, Mr. Stewart claims that the 90 days started to run on June 28, 2013, when his attorney received via certified mail a copy of the May 17,

8

2013, Final Agency Decision. (ECF No. 11 at 8.) The Fourth Circuit has rejected a blanket rule that "actual receipt" of the final agency decision starts the 90-day clock, as argued by Mr. Stewart. *Nguyen*, 1999 WL 556446, at *3. Rather, "delivery of a *notice* of right to sue trigger[s] the limitations period." *Id.* (emphasis added). The notice requirement will often be satisfied by actual receipt, if known. *See id.* "If the date is unknown, however, it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules."[7] *Id.* Final agency decisions transmitted via email can satisfy the notice requirement. *See Ward v. Comm'r of Soc. Sec.*, No. WDQ-11-1004, 2012 WL 122412, at *4 (D. Md. Jan. 12, 2012) (holding plaintiff's lawsuit untimely when plaintiff failed to sue within 90 days after receiving the final agency decision by email).

The fact that the May 17, 2013, decision was received by Mr. Stewart's attorney through the mail on June 28, 2013, does not change the date the 90-day window started—May 22, 2013—the date that both Mr. Stewart and his attorney received *notice* of the Final Agency Decision via email.[8] The Court agrees with DHS that the June 28, 2013, date

---

[7] Rule 6(e) of the Federal Rules of Civil Procedure is now Rule 6(d) due to amendment.

[8] Similarly, the Court is not persuaded by Mr. Stewart's argument that, since the certificate of service related to the June 28, 2013, mailing of the Final Agency Decision did not mention notice that the decision had been emailed to Mr. Stewart and his counsel on May 22, 2013, the Court should only consider the service acknowledged by mail on June 28, 2013. (*See* ECF No. 11 at 8.) Notice of the final agency action, which Mr. Stewart's attorney acknowledged on May 22, 2013, via email, is all that is required to trigger the 90-day window.

9

asserted by Mr. Stewart is clearly not relevant to the notice issue in this case.[9] Under no circumstance does this Court conclude based on the record that the 90-day window began to run on June 28, 2013.

It is arguable that OFO's June 4, 2013, decision on TSA's Petition for Clarification was the final agency action for purposes of the commencement of the 90-day window. The certificate of mailing at the end of the decision states, "I certify that this decision was mailed to the following recipients on the date below." (ECF No. 6-3 at 7.) Mr. Stewart is listed as one of the recipients, although his attorney is not listed. (*Id.*) The date noted on the decision is June 4, 2013. (*Id.*) Although Mr. Stewart's Complaint states that OFO issued this decision on June 4, 2013, the Complaint does not provide any details related to the date Mr. Stewart received notice of this decision. Nor does Mr. Stewart make any argument concerning whether OFO's June 4, 2013, decision should be considered a final agency action that would trigger the 90-day window. Because Mr. Stewart has offered no facts that would preclude application of the three-day rule to the June 4, 2013, decision, the Court must presume the decision was delivered three days later, giving Mr. Stewart notice on June 7, 2013. This would require that he file suit by September 5, 2013. Thus, this action would still be untimely.

---

[9] In the Complaint, Mr. Stewart states, "On May 17, 2013, CRCL issued its Final Agency Decision." (ECF No. 1 ¶ 30.) He then goes on to state, "On June 28, 2013, the Department of Homeland Security and through TSA issued a notice of the Final Agency Action, which was received on July 2, 2013." (*Id.* ¶ 31.) The Court rejects Mr. Stewart's attempt at characterizing the June 28, 2013, notice received by mail as something different than what was received on May 22, 2013, via email. Mr. Stewart's claims would likewise be untimely if his attorney received the June 28, 2013, decision on July 2, 2013.

10

Further, recognizing the untimeliness of this action, Mr. Stewart argues that DHS is not before the Court with clean hands. (ECF No. 11 at 7.) Mr. Stewart appears to advance an equitable tolling argument by claiming that DHS wrongfully delayed the administrative process in January and February of 2012. (*Id.*) Although equitable tolling is an appropriate remedy in cases where a claimant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), the Court is unable to grasp how events that occurred in early 2012 had any impact on Mr. Stewart's ability to file a timely lawsuit in 2013. Nor has Mr. Stewart shown that "extraordinary circumstances beyond [his] control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[10] The record shows that Mr. Stewart "failed to exercise due diligence in preserving his legal rights." *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002). "Equitable tolling is not appropriate" in such circumstances. *Id.* Accordingly, the Court concludes that Mr. Stewart has failed to bring these claims within 90 days of notice of final agency action as required by Title VII.

Finally, in his briefing, Mr. Stewart suggests that his Complaint includes a claim for constructive discharge that is not subject to dismissal. (*See* ECF No. 11 at 9 ("The elements of constructive discharge were alleged in the complaint as is the current state of the Fourth Circuit Opinion.").) "It is well-established that parties cannot amend their complaints

---

[10] Other circumstances where equitable tolling may be appropriate include when "(1) the claimant received inadequate notice, (2) a motion for appointment of counsel was pending, [and] (3) the court led the plaintiff to believe that he had completed all the necessary requirements." *Thompson v. Potter*, No. 1:03CV00593, 2004 WL 725629, at *1 (M.D.N.C. Mar. 31, 2004). None of these circumstances are present in this case to justify equitable tolling of the 90-day window.

11

through briefing . . . ." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). For that reason alone, Mr. Stewart has failed to allege constructive discharge.

Even if, for the sake of argument, Mr. Stewart's Complaint can be read to include a claim for constructive discharge under Title VII, that claim, like the rest of his Title VII claims, is time-barred for the reasons outlined above. Moreover, Mr. Stewart did not raise a constructive discharge claim during the administrative process, (*see* ECF No. 6-3 at 3), precluding review in this Court for lack of federal subject matter jurisdiction. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.").

Because the Court concludes that it must dismiss all four of Mr. Stewart's claims for the reasons outlined herein, the Court need not reach DHS's argument that Mr. Stewart has failed to plead a prima facie case of discrimination based on race, retaliation, and constructive discharge.

### ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (ECF No. 5) is GRANTED and that Plaintiff's claims are DISMISSED WITH PREJUDICE. A judgment dismissing this action will be entered contemporaneously with this Order.

This, the 28th day of July, 2015.

                                                    /s/ Loretta C. Biggs
                                                     United States District Judge